# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMRIKO TORDUA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03446-MBB |
| | ) | |
| SHERIFF OF GREENE COUNTY MISSOURI, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Tamriko Tordua (hereafter "Petitioner") petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, wherein she challenges her continued immigration detention during her removal proceedings. She argues that the Respondents (collectively "the Government") have wrongfully arrested and detained her without a bond hearing or parole determination, in violation of her rights to due process. Doc. 1 at 6-8; Doc. 1-1 at 5-9. She asks the Court, *inter alia*, to order that she receive an individualized bond or parole determination or, alternatively, her immediate release. Doc. 1 at 8; Doc. 1-1 at 9. Petitioner also has filed a motion for a temporary restraining order or, in the alternative, for expedited consideration, which is denied.[1] Because Petitioner's detention does not violate procedural or substantive due process and because Petitioner fails in her ancillary arguments and claims to establish that she is otherwise entitled to habeas relief, the petition is DENIED.

### Standard

Pursuant to 28 U.S.C. § 2241, federal courts have jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). *See also Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) (holding that Section 2241

[1] A temporary restraining order is an extraordinary remedy. In deciding whether such relief is warranted, courts consider the movant's likelihood of success on the merits, the threat of irreparable harm, the balance of harms, and the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As explained herein, Petitioner has not shown that her detention violates the INA or due process. She therefore cannot establish a likelihood of success on the merits of her habeas claims. To the extent Petitioner sought emergency relief to have this case decided in an expeditious manner, this order resolves the case. Therefore, Petitioner's motion for a temporary restraining order is denied.

conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See also Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

**Background**

Petitioner is a native and citizen of the Republic of Georgia. Doc. 1-1 at 3. On or about May 4 or 5, 2024, Petitioner presented herself to United States Customs and Border Protection at the U.S.-Mexico border and sought asylum. *Id*. Petitioner was detained by the Department of Homeland Security ("DHS") and was released from that custody by no later than June 2024. *Id*. On February 25, 2026, DHS issued a Superseding Notice to Appear, charging Petitioner as removable under INA § 212(a)(7)(A)(i)(I) and 8 U.S.C. 1182(a)(7)(A)(i)(I) for lacking a valid, unexpired entry document at the time of her application for admission. *Id*. at 4. Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") on July 21, 2026, in Branson, Missouri, and has since been detained at the Greene County Jail. *Id*. Petitioner's removal proceedings remain pending. *Id*. at 5.

**Discussion**

Petitioner raises four overlapping grounds for relief challenging her continued detention without a bond hearing or parole determination. Doc. 1 at 6-8; Doc. 1-1 at 5-9. Specifically, Petitioner argues that her continued detention without an individualized bond hearing violates her rights to due process, ICE failed to timely consider parole, her detention is arbitrary and not reasonably related to its purpose of ensuring appearance at removal proceedings and protecting public safety, and her continued detention inflicts financial harm and prejudices her ability to defend against removal. Doc. 1 at 6-8; Doc. 1-1 at 5-9. The Government argues that each of Petitioner's grounds for relief are without merit. Doc. 5 at 1-9. For the reasons set forth below, this Court finds Petitioner is not entitled to habeas relief. Because each of Petitioner's grounds for relief fail for many of the same reasons, they are discussed collectively.

The Court first notes that Petitioner does not dispute that *Avila* forecloses any statutory claim to a bond hearing. *Avila v. Bondi,* 170 F.4th 1128 (8th Cir. 2026); Doc. 7 at 2; *see also Ocelotl-Aca v. Mullin*, No. 6:26-cv-03268-MBB, Doc. 7 (W.D. Mo. June 16, 2026) (discussing the continued detention requirement under 8 U.S.C. § 1225(b)(2)(A)). To the extent Petitioner's

exhibits reflect that she was paroled or otherwise released into the United States after immigration processing, that release did not grant her lawful admission. *See* 8 U.S.C. § 1101(a)(13)(B). Petitioner is present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. As such, she is an "applicant for admission" under § 1225(b)(2)(A).

Instead, Petitioner argues that her detention violates due process. Doc. 1 at 6-8; Doc. 1-1 at 5-9. However, removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *Demore*, 538 U.S. at 531. The Court favorably cited § 1226(c)'s limitation of detention pending removal. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). In *Banyee*, the Eighth Circuit rejected the need for a multi-factor "reasonableness" test when evaluating the length of mandatory detention pending removal proceedings. 115 F.4th at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.* (quoting *Demore*, 538 U.S. at 527).

Petitioner is properly detained under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner does not dispute that her removal proceedings remain pending, and she presents no evidence that the Government is detaining her for any other reason. Because § 1225(b)(2)(A) requires mandatory detention of removable aliens pending removal proceedings, procedural due process requires no more. *See Banyee*, 115 F.4th at 932.

To the extent Petitioner asserts substantive due process, that claim also fails. Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause, but detention during removal proceedings is a constitutionally valid aspect of the deportation process. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 523-26. Removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending removal proceedings. *See Banyee*, 115 F.4th at 931-33; *Demore*, 538 U.S. at 523 n.7. Petitioner's detention is rationally related to the Government's legitimate interest in ensuring that, if ordered removed, he can be successfully removed. *See Demore*, 538 U.S. at 528. For these same reasons, Petitioner is also not entitled to parole, which otherwise remains at DHS discretion. *See* 8 U.S.C. § 1182(d)(5)(A) ("The Secretary

of Homeland Security *may . . . in his discretion* parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States.") (emphasis added); *Pouzo v. USCIS Miami*, 516 F. App'x 731 (11th Cir. 2013) ("The decision whether to parole an alien into the United States rests within the discretion of the Secretary and that discretionary decision is shielded from judicial review.") (cleaned up); *Gonzales-Gandini v. Holder,* 384 F. App'x 658, 659 (9th Cir. 2010) ("the Attorney General has discretionary authority to grant parole and to terminate parole") (cleaned up). Therefore, Petitioner's challenges to her continued detention without bond or parole determinations are without merit.

Lastly, this Court considers Petitioner's ancillary arguments regarding the conditions of her confinement, the confiscation of her personal property, and the effect her detention has had on her ability to defend against removal proceedings. Doc. 1 at 8; Doc. 1-1 at 5, 8-9. Such allegations are not cognizable in a petition for writ of habeas corpus insofar as they merely challenge the conditions of her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1971) (holding that the purpose of habeas corpus is to challenge duration or length, but not conditions of confinement); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." (citing *Preiser,* 411 U.S. at 499)). Petitioner's due process rights are not otherwise implicated merely because it is more difficult to obtain representation or evidence now that she is confined. *See Avramenkov v. I.N.S.*, 99 F. Supp. 2d 210, 214 (D. Conn. 2000) ("a transfer, standing alone, does not constitute a violation of plaintiff's due process or statutory rights," and "the Attorney General is not obligated to detain aliens where their ability to obtain representation and to present witnesses is at its greatest." (internal quotation omitted)). Therefore, each of Petitioner's grounds for relief are also without merit.

## Conclusion

Petitioner's continued detention does not violate procedural due process or substantive due process, and each of Petitioner's ancillary arguments and claims do not entitle her to habeas relief. The Petition for a Writ of Habeas Corpus is DENIED. Petitioner's motion for temporary restraining order (Doc. 2) is also DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2026.